**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 26-1337
_____

SEAN SHURELDS,
                                        Appellant

v.

SAFECO INSURANCE COMPANY OF AMERICA, also known as Liberty Mutual;
JOSHUA TISON

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-01550)
Magistrate Judge: Honorable Craig M. Straw (by consent)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 26, 2026

Before: KRAUSE, RESTREPO, and PORTER, *Circuit Judges*

(Opinion filed: May 29, 2026 )
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Sean Shurelds appeals the District Court's dismissal of his civil action. We will affirm the District Court's judgment.

We assume the parties' familiarity with the underlying facts and procedural history. This case arises out of Safeco Insurance Company of America's denial of Shurelds's insurance claims for damage to his property. Shurelds brought a civil action against Safeco alleging bad faith insurance practices, fraudulent misrepresentation, and negligence. On Safeco's motion to dismiss for failure to state a claim, the District Court, acting through a Magistrate Judge on the parties' consent under 28 U.S.C. § 636(c), dismissed Shurelds's bad faith insurance claim without prejudice, with leave to amend the claim, and it dismissed the fraudulent misrepresentation and negligence claims with prejudice. After several attempts to amend his complaint and add additional claims, the District Court dismissed Shurelds's entire civil action, and Shurelds timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal for failure to state a claim de novo. *See Doe v. Princeton Univ.*, 30 F.4th 335, 341 (3d Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Because Shurelds is proceeding pro se, the Court construes his claims liberally, but his complaint still must contain sufficient facts to support a claim for relief. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

We consider only the claims that Shurelds challenges in his opening brief. *See In re Wettac*h, 811 F.3d 99, 115 (3d Cir. 2016) (explaining that claims not developed in the opening brief are forfeited). Starting with Shurelds's claim of bad faith insurance practices, we agree with the District Court that Shurelds failed to provide sufficient facts to allege plausibly that Safeco did not have a reasonable basis for denying benefits under the policy. *See Rancosky v. Wash. Nat'l Ins. Co.*, 170 A.3d 364, 369 (Pa. 2017). Shurelds recited the elements of a bad faith claim but provided no factual context regarding why it was unreasonable to deny his claims.

Nor did Shurelds plausibly allege a fraudulent misrepresentation claim. Shurelds alleged that Safeco "knowingly made false statements regarding claim payments and intentionally manipulated claims to avoid payouts." But Shurelds offered no facts supporting a reasonable inference that Safeco intended to mislead Shurelds with the allegedly false statements. *See Gregg v. Ameriprise Fin., Inc.*, 245 A.3d 637, 645–46 (Pa. 2021).

Finally, the District Court correctly concluded that it could not proceed with Shurelds's negligence claim. Shurelds's claim was based on Safeco's alleged failure to perform under the insurance contract policy. Shurelds's claim was barred by Pennsylvania's gist-of-the-action doctrine, which "prevents a purely contractual duty from serving as the basis for a tort claim." *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 216 (3d Cir. 2022) (citing *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 65 (Pa. 2014)).

Accordingly, we will affirm the District Court's judgment. Shurelds's motion to expedite consideration of the appeal is denied.